SIGNED THIS: August 22, 2012

_____
**Thomas L. Perkins
United States Chief Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| CENTRAL ILLINOIS ENERGY COOPERATIVE, | ) ) | Case No. 09-81409 |
| Debtor. | ) ) ) | |
| | ) | |
| A. CLAY COX, not individually, but as Trustee for the estate of Central Illinois Energy Cooperative, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Adv. No. 11-8027 |
| MICHAEL W. SMITH, | ) | |
| Defendant. | ) | |

**O P I N I O N**

The Defendant, Michael W. Smith, served as a director and the general manager of the Debtor, Central Illinois Energy Cooperative (CIEC), and, at the same time, the general manger of Central Illinois Energy, L.L.C. (CIE). The Trustee of CIEC's chapter 7 estate, A. Clay Cox (TRUSTEE), is suing Smith on a tort claim, alleging that Smith owed a fiduciary

duty to creditors when CIEC became insolvent or entered the zone of insolvency to preserve and protect CIEC's assets, and that he breached that duty by (1) using CIEC's funds to pay debts of CIE and Central Illinois Holding Company, L.L.C.; (2) selling CIEC's assets without requiring the purchaser to transfer all promised consideration; (3) after the sale of the assets, continuing to cause CIEC to pay construction costs; and (4) conveying real estate for no consideration.[1]  The TRUSTEE alleges that the breaches caused damages in the amount of $7,773,247.34.

In addition to pleading a general denial in his answer, Smith filed amended and supplemental affirmative defenses to the TRUSTEE'S complaint, alleging ten affirmative defenses.  The TRUSTEE moves to strike eight of the ten, conceding only that AD1 and AD5 are properly pleaded.  Smith concedes the objection to AD4, so AD4 will be ordered stricken.

In AD2, Smith alleges that his actions are shielded by the business judgment rule. In AD3, he alleges as grounds of exculpation that all of the transactions complained of were approved by a majority of the independent directors of CIEC.  The TRUSTEE asserts that Smith had divided loyalties, working for both CIEC and CIE, that he cannot avail himself of the protection afforded by the business judgment rule, at least with respect to payments to or for the benefit of CIE.

In response, Smith asserts that the TRUSTEE'S complaint is premised solely on an alleged breach of the duty of due care.  During oral argument, however, the TRUSTEE

---

[1] Although the TRUSTEE alleges, in the complaint, Smith's status as an officer and a director of both CIEC and CIE, the conduct complained of appears to consist of actions taken by Smith as the general manager of CIEC, rather than actions or votes taken by CIEC's board of directors or any committee of the board of directors.  The Court anticipates that the particular duties owed and allegedly breached by Smith will be clarified at future stages of this litigation.

expressed a reliance on breach of the duty of loyalty as well. As pleaded in the complaint, the conduct complained of implicates both the duty of loyalty and the duty of due care and perhaps even the more amorphous duty of good faith. The TRUSTEE'S allegation is that Smith "owed CIEC's creditors a fiduciary obligation to preserve and protect CIEC's assets." (Complaint, para. 40).

The TRUSTEE makes no effort in the complaint to directly tie that alleged "fiduciary obligation" to any one of the traditional duties of due care, loyalty and good faith. Neither does he indicate whether the fiduciary obligation is derivative of one or more of the traditional trio of duties or whether it is something separate and distinct, since it arises only upon insolvency or its zone and is owed to a different constituency, the firm's creditors rather than its owners. *See Paul H. Schwendener, Inc. v. Jupiter Elec. Co., Inc.*, 358 Ill.App.3d 65, 75, 829 N.E.2d 818 (Ill.App. 1 Dist. 2005) (once a corporation becomes insolvent, the fiduciary duty of an officer is extended to the creditors; the corporation's assets are deemed to be held in trust for the benefit of its creditors). None of this is to say that the complaint is deficient, but only to recognize that the parameters of the theory of relief are not well-defined under Illinois law, especially with respect to a cooperative such as CIEC.

That lack of definition for the particular tort alleged, affects how certain affirmative defenses are viewed and whether they should be allowed to stand or be stricken as legally insufficient at this early stage of the litigation. Generally, motions to strike should not be granted unless the plaintiff establishes that the alleged defense is insufficient as a matter of law in that the defendant could prove no set of facts in support of the affirmative defense

3

that would defeat the complaint. *Renalds v. S.R.G. Restaurant Group,* 119 F.Supp.2d 800, 802-03 (N.D.Ill. 2000). If there is any question of law about the validity of the defense, or if development of the factual record is necessary to evaluate its validity, the defense should not be stricken. *Foulks v. Emery,* 2005 WL 2922365 (S.D.Ill. 2005).

In this Court's view, it is neither necessary nor prudent to attempt to nail down the applicability of AD2 and AD3 at this stage. A thorough inquiry into why the challenged transactions were handled the way they were is warranted. Smith's reasoning and his exercise of judgment are certainly relevant to that inquiry. Whether the transactions were board-approved is also relevant. It is premature and speculative, at this point, to attempt to predict, with any specificity, under what particular factual circumstances the business judgment rule will be applied, and with what effect. The same is equally true with respect to the effect of director knowledge and approval of the challenged transactions. AD2 and AD3 will not be stricken.

In AD6 and AD7, Smith alleges that he reasonably and in good faith relied upon CIEC's attorneys and other third-party professionals and advisors when conducting the challenged transactions. These defenses appear to mirror, at least in part, a defense under Delaware law afforded directors who rely in good faith upon information presented to them by professionals or experts as to matters the director reasonably believes to be within such person's professional or expert competence and who has been selected with reasonable care by and on behalf of the corporation. *See In re Walt Disney Co. Derivative Litigation,* 906 A.2d 27, 59-60 (Del.Supr. 2006). At least one Illinois court has held that

4

reliance upon counsel by a corporation's officer or director will be evaluated on the basis of reasonableness so long as he had no reason to know the advice given was not sound. *IOS Capital, Inc. v. Phoenix Printing, Inc.*, 348 Ill.App.3d 366, 375, 808 N.E.2d 606 (Ill.App. 4 Dist. 2004). Evidence of such reliance by Smith, however, would be relevant to the issue of his own due care and, as such, would be admissible whether or not these defenses are allowed to stand. These defenses, recognized by at least one Illinois appellate court, will not be stricken.

In AD8, Smith alleges that each transfer and advance of CIEC assets was "made for value and adequate consideration, was not fraudulent and cannot support a claim for breach of fiduciary duty." A true affirmative defense admits the allegations of the complaint but seeks to avoid liability for some reason beyond or apart from an inability to prove one or more of the elements of plaintiff's claim. *Menchaca v. American Medical Response of Illinois, Inc.*, 6 F.Supp.2d 971, 972-73 (N.D.Ill. 1998). A defense that merely restates or recharacterizes a denial of one of the elements of the plaintiff's claim, is redundant, unnecessary and improper. *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897, 906 (N.D.Ill. 2006); *Reimer v. Chase Bank USA, N.A.*, 274 F.R.D. 637, 639 (N.D.Ill. 2011).

Evidence of the kind and value of the consideration CIEC received for each transfer is probative as to whether Smith breached his fiduciary duties. The allegation that adequate value was received thus serves to negate the TRUSTEE'S claim; it does not raise matters outside of the scope of the complaint. Smith argues that proof of adequate value may establish the "entire fairness" of a transaction. Under Delaware law, under some

5

circumstances, a director may bear the burden to establish that a challenged transaction was entirely fair.[2] *See Weinberger v. UOP, Inc.*, 457 A.2d 701, 710 (Del.Supr. 1983). When directors of a Delaware corporation are on both sides of a transaction, they are required to demonstrate their utmost good faith and the most scrupulous inherent fairness of the bargain. *Id.* The concept of fairness has two basic aspects: fair dealing and fair price. *Id.* at 711. There is no dilution of this obligation where one holds dual directorships. *Id.* The entire fairness standard operates as an exception to the usual deference afforded corporate boards of directors embodied in the business judgment rule. *Gesoff v. IIC Industries, Inc.*, 902 A.2d 1130, 1144 (Del.Ch. 2006). The entire fairness standard is ordinarily applied for the protection of minority stockholders where certain self-interested directors have an interest that diverges from that of the minority stockholders. *Id.*

Entire fairness, at least under Delaware law, contemplates a totality of the circumstances inquiry. The inquiry is not limited to adequate value, and a determination that adequate value was received is not necessarily sufficient. Moreover, Smith has already pleaded entire fairness in AD2, para. 9. So AD8 is, at best, redundant with AD2 and therefore unnecessary and, at worst, a mistaken and misleading characterization of the Delaware entire fairness doctrine. It will be stricken.

In AD9, Smith alleges that each challenged transfer or advance was made in the ordinary course of the business or financial affairs of CIEC, in payment of a debt incurred by CIEC in the ordinary course of its business or financial affairs. Here again CIEC's history of making advances on behalf of CIE is relevant to the theory of the complaint. But

---

[2] At this stage, the parties have not addressed whether the entire fairness doctrine is recognized by Illinois courts and, if so, how it is applied.

proof that such advances were customary, routine or ordinary, while it may serve to dull the TRUSTEE'S point, will not necessarily defeat the claim. Like adequate value, transactional ordinariness is a material fact, but is non-dispositive. AD9 will be stricken.

In AD10, Smith alleges that each challenged transfer and advance was intended to be a contemporaneous exchange for new value and was in fact a substantially contemporaneous exchange. As indicated in the above discussion of AD8, the value received by CIEC is an issue of material fact. Similarly, however, because proof of such is not necessarily dispositive, but is only one part of the broader inquiry raised by the complaint, AD10 is not a proper affirmative defense and will be stricken.

In rendering this decision, this Court is not determining the validity or the elements of the TRUSTEE'S theory of relief under Illinois common law, or of the defenses pleaded by Smith. This Opinion constitutes this Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate Order will be entered.

###